**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4425**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HAROLD STEVEN JACKSON, a/k/a Ears,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, District Judge. (8:02-cr-00396-PJM-1)

Submitted:  August 29, 2008          Decided:  October 3, 2008

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Lisa W. Lunt, Assistant Federal Public Defender, Sherri Keene, Staff Attorney, Greenbelt, Maryland, for Appellant.  Deborah A. Johnston, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Steven Jackson appeals the twenty-four month sentence the district court imposed upon finding Jackson violated the terms of his supervised release. Counsel submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring there are no meritorious issues for appeal, but suggesting this court should consider whether: (1) Jackson's due process rights were violated when, upon his arrest, he was not shown the arrest warrant; and (2) the district court erred in determining the grade of the violation. In his pro se supplemental brief and the amendments thereto, Jackson elaborates on these arguments and further maintains the length of time between his initial detention and the violation hearing was unreasonable. We have carefully reviewed the record in this case, and conclude there is no reversible error. Accordingly, for the reasons set forth below, we affirm the district court's judgment.

Approximately one year after Jackson began his term of supervised release, Jackson's probation officer filed a petition on supervised release, alleging Jackson committed the following two violations: (1) that on May 1, 2006, Jackson threw a handgun from his person while fleeing from the police ("First Violation"); and (2) that on May 14, 2006, Jackson burglarized the home of his ex-girlfriend, Selene Proctor ("Second Violation"). The probation officer subsequently amended the petition to add a third violation:

that on June 6, 2006, "Ms. Proctor filed a second Temporary Peace Order against Mr. Jackson for harassment, stalking, trespass, malicious destruction of property, and threats of violence during the period of May 2006 up until the present" ("Third Violation").

In addition to the supervised release violation, the Government also charged Jackson with being a felon in possession of a firearm (Case No. PJM-06-306) ("substantive charge"). Jackson pled guilty to the substantive charge, and in February 2007, he was sentenced to eighty-seven months' imprisonment for that offense.

In April 2007, the district court conducted a separate hearing on the supervised release revocation, at which Jackson admitted the conduct underlying the First Violation. To establish that Jackson committed the Second and Third Violations, the Government proffered evidence from Jackson's sentencing hearing in the substantive charge.

The district court found Jackson committed all three violations, and concluded the Second and Third Violations were Grade A offenses. This, combined with a criminal history category III, yielded a policy statement range of eighteen to twenty-four months' imprisonment. After considering the nature of the offense, Jackson's background, and the need "to deter others from acting this way [and] to deter this defendant from acting this way," the

district court sentenced Jackson to twenty-four months' imprisonment. Jackson noted a timely appeal.[1]

### I.   Alleged Violation of Due Process

As counsel acknowledges in her brief, Jackson did not argue in the district court that the alleged failure by the police to show Jackson the arrest warrant violated his due process rights. Accordingly, this court's review is for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993).

There is simply insufficient evidence in the record on which to conclude there was any error regarding service of the arrest warrant. Jackson neither testified regarding this issue, nor submitted any evidence to establish he was not shown the arrest warrant. Accordingly, on the present record, we discern no error, let alone error that is plain.

### II.   Determination of Grade of Violation

Jackson next contends the district court improperly classified the Second and Third Violations as Grade A violations. In relevant part, pursuant to Chapter Seven of the U.S. Sentencing

---

[1]Jackson's attorney erroneously captioned the notice of appeal with the case number for the substantive charge, as opposed to that of the supervised release violation. The Government moved to dismiss the appeal, arguing it was not timely as to the substantive charge. Recognizing that the erroneous case number was a clerical error, this court denied the Government's motion.

Guidelines ("USSG"), a Grade A violation involves conduct that: violates federal, state, or local law; is punishable by a term of imprisonment greater than one year; and is a crime of violence. USSG § 7B1.1(a)(1), p.s. (2006). Application Note Two to this policy statement provides that the term "crime of violence" is defined by USSG § 4B1.2. USSG § 7B1.1, p.s., cmt. n.2. Application Note One to USSG § 4B1.2 reflects that "burglary of a dwelling" is a crime of violence. USSG § 4B1.2 cmt. n.1. Under Maryland law, even the lowest degree burglary offense — fourth degree burglary — is punishable by up to three years' imprisonment. See Md. Code Ann., Crim. Law § 6-205 (LexisNexis 2002).

The district court correctly classified the Second Violation — burglary — as a Grade A violation. See USSG §§ 4B1.2 cmt. n.1 & 7B1.1, p.s., cmt. n.2. According to USSG § 7B1.1(b), p.s., "[w]here there is more than one violation of the conditions of supervision, . . . the grade of the violation is determined by the violation having the most serious grade." Thus, the violation as a whole was properly graded a Grade A violation.[2]

### III.  Other Issues

We reject Jackson's pro se claim that the hearing on the supervised release violation was unreasonably delayed. In the

---

[2]The fact that the State of Maryland later declined to prosecute Jackson for the burglary offense does not alter this result. USSG § 7B1.1, p.s., cmt. n.1.

interim period between being charged with the violation and the hearing, Jackson was charged with and pled guilty to a separate substantive felon-in-possession offense. As the conduct under the substantive charge was inextricably linked with that alleged in the supervised release violation, there was no error in deferring action on the violation pending resolution of the substantive charge. As the Government noted, Jackson was already incarcerated on that offense.

Finally, although not expressly raised by Jackson or his counsel, because this case is before us pursuant to Anders, we have reviewed Jackson's sentence, and find it is not unreasonable. See United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). The sentence was procedurally reasonable, id. at 438-39, as the district court properly calculated Jackson's sentencing range under Chapter Seven's policy statement, and sentenced Jackson within that range. See United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United States, 128 S. Ct. 586, 597 (2007)], whether a sentence is 'unreasonable.'"). Moreover, the sentence was substantively reasonable, as the district court articulated several reasons for its choice of sentence, including Jackson's background and the need to deter further crime.

In accordance with <u>Anders</u>, we have reviewed the entire record for any other meritorious issues and have found none. Accordingly, we affirm the district court's judgment. We require that counsel inform Jackson, in writing, of the right to petition the Supreme Court of the United States for further review. If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jackson. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>